Henry Whitley, Dist. Attorney's Office, Quitman, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

**James Edward BLACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–92–132–CR.**

Court of Appeals of Texas,
Texarkana.

June 2, 1993.

## OPINION

BLEIL, Justice.

James Black appeals from his conviction for aggravated assault with a deadly weapon. He maintains that the trial court erred by failing to exclude evidence of extraneous offenses during the trial. We find no error and affirm.

Black was tried with a co-defendant, Kenneth Joe Lee. They were involved in

an auto theft ring in rural Wood County that disassembled stolen cars and sold their parts. Police officers raided the location and, during the raid, the defendants arrived in a Suburban vehicle, towing a trailer. They drove away quickly, followed closely by two unmarked police cars. Black, the driver, had Lee unhitch the trailer so they could get away. Although neither police car struck the trailer, the drivers had to dodge the trailer in order to continue pursuit. As a result, Black and Lee got far enough ahead of the officers that they could abandon their vehicle and run into the woods. Lee and Black were arrested the next morning.

Black contends that the trial court erred by admitting evidence of extraneous conduct at the guilt/innocence phase of trial. The charged offense consisted of using a trailer as a deadly weapon by releasing it at a high rate of speed in the path of pursuing police vehicles. Black contends that the substantial quantity of evidence admitted about the car theft operation constituted evidence of extraneous offenses which were irrelevant to the offense charged and had the effect of making it impossible for Black to receive a fair trial.

Defense counsel filed a motion in limine asking the trial court to direct the State's attorney to refrain from attempting to introduce evidence of extraneous offenses. He objected, based upon TEX.R.CRIM.EVID. 402, that the evidence was not relevant to any issue in the case on trial and also objected under TEX.R.CRIM.EVID. 403, arguing that even if the extraneous offenses were relevant, their probative value was outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. He further argued that under TEX.R.CRIM.EVID. 404(b) admission of those offenses would tend only to prove the character of a person and show that he acted in conformity therewith and that it was not presented to prove motive, opportunity, intent, preparation, plan, knowledge, or identity. The trial court ruled that the evidence was admissible because it was being offered to show evidence of motive, intent and the knowledge of the defendants relative to this specific incident. The trial

court also conducted the required balancing test and found the evidence to be necessary so that the State could prove intent by proof of the surrounding circumstances. The court charged the jury that:

> You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the intent, knowledge or motive of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

■■■ The initial question is whether the trial court erred by determining that the evidence was admissible for some purpose other than to show that Black acted in conformity with his character. TEX.R.CRIM. EVID. 404(b). In our review, we must determine whether the trial court operated within the boundaries of its discretion in admitting the evidence. Absent a clear abuse of discretion, its decision should not be disturbed on appeal. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex.Crim.App.1990) (on motion for rehearing); *Cantrell v. State*, 731 S.W.2d 84, 90 (Tex.Crim.App. 1987). Although the evidence of extraneous offenses normally would be inadmissible, it could bear on Black's motive and intent with regard to the charged offense. Therefore, the trial court did not abuse its discretion by determining the evidence to be relevant and therefore admissible for a limited purpose. In addition, the trial court properly instructed the jury not to consider that evidence for any purpose beyond that for which it was admitted.

■■■ The next question is whether the trial court abused its discretion by determining that the probative value of this evidence was not outweighed by the danger of unfair prejudice, confusion of the issues,

or misleading of the jury. TEX.R.CRIM. EVID. 403. This determination must also be measured under the abuse of discretion standard. The record shows that the trial court did conduct a balancing of the probativeness of the evidence versus its prejudicial effect.

The primary issue at trial was the defendants' intent. Black's attorney argued that the defendants released the trailer to go faster, and the State maintained that they released the trailer in an effort to end pursuit, if necessary by injuring or otherwise harming the pursuing officers. Black fails to show an abuse of trial court discretion in the court's determination that the probative value of the evidence was not outweighed by the danger of unfair prejudice.

The judgment of the trial court is affirmed.